IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 14-mj-3035-DGW |
| | ) | |
| MICHELLE LYNN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR DETENTION

The United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and William E. Coonan, Assistant United States Attorney, and pursuant to the provisions of Title 18, United States Code, Section 3142, moves for the detention of the Defendant pending trial.

### INTRODUCTION

1. The United States asserts that the Defendant is a danger to the community and to herself.

2. The affidavit within the criminal complaint supports the proposition that she is a danger to the community. The disruption due to the Defendant's false threat is dangerous to the community. The evidence is strong. The Defendant admitted to the offense.

### BAIL REFORM ACT

3. The court will hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of another person and the community, upon motion of the attorney for the government in a case that involve a crime of violence. 18 U.S.C. § 3142(f), (f)(1)(A). A "crime of violence" can be "an

offense that has an element of the offense . . . threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). Here, the Defendant is charged with the threatened use of force against a public school and its occupants, which the United States submits is a crime of violence. Therefore, a detention hearing is appropriate.

4. The United States does not appear to be entitled to a rebuttable presumption for its request for detention. *See* 18 U.S.C. § 3142(e)(2), (e)(3).

5. In its determination, the court considers: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

**DISCUSSION**

6. The Defendant has been charged with Conveying a False Threat in violation of Title 18, United States Code, Section 1038(a)(1).

7. The Criminal Complaint provides the background and some of the evidence which supports this motion. (Doc. No. 1).

8. There is evidence of multiple threats of violence in 2005 and 2006 and other threats in April 2014. These threats were directed not only directed to the school but to a specific person. There is also a concern for the Defendant's own safety. Further evidence may or will be developed and given at the detention hearing.

Wherefore, the United States of America respectfully requests that this Honorable Court schedule a detention hearing and enter an Order directing that the Defendant be detained until trial or for whatever other relief may be proper, pursuant to Title 18, United States Code, Section 3142(e).

                Respectfully submitted,

                UNITED STATES OF AMERICA

                STEPHEN R. WIGGINTON
                United States Attorney


                /s/ *William E. Coonan*
                WILLIAM E. COONAN
                Assistant United States Attorney
                Nine Executive Drive
                Fairview Heights, Illinois   62208-1344
                618.628.3700
                618.628.3720 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2014, I caused to be electronically filed **United States' Motion for Detention** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record:  Phillip J. Kavanaugh, III, the Federal Public Defender.

                Respectfully submitted,

                *s/ William E. Coonan*
                WILLIAM E. COONAN
                Assistant United States Attorney