IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 14-mj-3035-DGW |
| | ) | |
| MICHELLE LYNN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SUPPLEMENT TO MOTION FOR DETENTION

The United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and William E. Coonan, Assistant United States Attorney, and pursuant to the provisions of Title 18, United States Code, Section 3142, respectfully supplements its motion for detention of the Defendant pending trial.

**INTRODUCTION**

1.     At the detention hearing, the Defendant raised the issue of whether the Court could actually conduct a detention hearing under these circumstances.  The Defendant cited *United States v. Montoya*, 486 F. Supp.2d 996 (D. Ariz. 2007), for the proposition that the charge of Conveying a False Threat in violation of Title 18, United States Code, Section 1038(a)(1) is not a "crime of violence" for purposes of the Bail Reform Act.

2.     The United States asserted that the Defendant is a danger to the community and to herself.  The Court took evidence and arguments and allowed to United States to supplement its motion for detention, addressing the *Montoya* case.

1

**BAIL REFORM ACT**

3.      The Bail Reform Act provides for a detention hearing under certain circumstances. The court will hold a hearing to determine whether any condition or combination of conditions will reasonably assure the safety of another person and the community, upon motion of the attorney for the government in a case that involves a crime of violence.   18 U.S.C. § 3142(f), (f)(1)(A). A "crime of violence" can be "an offense that has an element of the offense . . . threatened use of physical force against the person or property of another."   18 U.S.C. § 3156(a)(4)(A).   Here, the Defendant is charged with the threatened use of force against a public school and its occupants, which the United States submits is a crime of violence.   Therefore, a detention hearing is appropriate.

4.      Furthermore, the court will hold a hearing to determine whether any condition or combination of conditions will reasonably assure the safety of another person and the community, upon motion of the attorney for the government or upon the judge's own motion in a case that involves a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness.   18 U.S.C. § 3142(f), (f)(2)(B).   Here, as heard at the detention hearing, evidence indicated that the Defendant had threatened the school and threatened her former principal on numerous occasions. Anyone associated with the school, especially the former principal of the Defendant's school, could be targeted again now that the Defendant has been charged and has exhibited even more outrageous conduct in April 2014.

2

***MONTOYA* CASE**

5.      In the case of *United States v. Montoya*, 486 F. Supp.2d 996 (D. Ariz. 2007), the United States Magistrate Judge held that Montoya's charged criminal actions in the false threat case did not involve or constitute a crime of violence.

6.      In a key paragraph of the court's order, the court reasoned as follows:

> Defendant is accused of violating 18 U.S.C. § 1038, which criminalizes the making of false statements and perpetrating hoaxes.   Defendant is essentially accused of manufacturing a fake bomb and placing it in his own mailbox to elicit sympathy from his estranged wife. There is no element of this crime which involves the "use, attempted use, or threatened use of physical force" against the person or property of another because it was a hoax.   *Cf. United States v. Evans*, 478 F.3d 1332, 1343-44 (11th Cir. 2007) (concluding a violation of section 1038 is not a "serious violent felony," as that term is defined in 18 U.S.C.  § 3559, because it does not "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]"

*Montoya*, 486 F. Supp.2d at 1003-04.

7.      Here, unlike defendant Montoya, Defendant Smith is charged with a making a bomb threat at a school, not in her own mailbox.   Defendant actually took the more abrupt measure of delivering the threat in person and not by wire or mail which would have met the interstate nexus. But for the lack of interstate commerce nexus, Defendant Smith would be charged with Maliciously Conveying False Information – Explosive Materials, in violation of Title 18, United States Code, Section 844(e), which carries a heavier penalty of ten years' imprisonment and thus considered more grave offense.   *See United States v. Ali*, 2005 WL 3115876 (N.D. Ill. Nov. 18, 2005) (citing Seventh Circuit law and ordering detention in threats charged under 18 U.S.C. §§ 844(e) and 876(c)).

8.      Furthermore, this Court has detained similarly-situated defendants on the same charge under section 1038(a)(1).   *See, e.g.*, *United States v. Flener*, No. 13-40048-JPG (S.D. Ill. May 31, 2013) (Doc. No. 16) (told agents about a conspiracy to bomb polling places which was

false); *United States v. Kidd*, No. 11-30061-DRH (S.D. Ill. April 27, 2011) (Doc. No. 18) (wrote city officials that he would burn down apartments); *United States v. Conaway*, No. 10-30173-DRH (S.D. Ill. Jan. 12, 2011) (Doc. No. 32) (told agents he would blow up his own family).  *See also United States v. Wiggins*, No. 11-40074-JPG (S.D. Ill. Oct. 14, 2011) (Doc. No. 16) (section 844e) false bomb threat case; told university he would blow up its buildings).

**CONCLUSION**

9.     The threat to bomb a school is a very serious matter.   The weight of the evidence is extremely high: *e.g.*, confession; past threats with similar characteristics.   No condition or combination of conditions will reasonably assure the safety of the Defendant herself, another person and the community.   It also involves a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness (the former principal).

Wherefore, the United States of America respectfully supplements its motion and requests that this Honorable Court detain the Defendant be detained until trial or disposition.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney


/s/ *William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois   62208-1344
618.628.3700
618.628.3720 (fax)

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2014, I caused to be electronically filed **United States'
Supplement to Motion for Detention** with the Clerk of Court using the CM/ECF system which
will send notification of such filing to counsel of record:   Phillip J. Kavanaugh, III, the Federal
Public Defender.

Respectfully submitted,

*s/ William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney