IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14–CR-30085-NJR |
| ) | |
| ) | |
| MICHELLE LYNN SMITH, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**ROSENSTENGEL, District Judge:**

This matter came before the Court on the Government's Motion for Review of Order of Release (Doc. 42). A hearing on the Motion was held on September 9, 2014. For the reasons stated below and those set forth on the record, the Government's motion is denied.

On May 1, 2014, the federal government charged Defendant by complaint with Conveying a False Threat in violation of 18 U.S.C. § 1038(a)(1) for leaving a note in Calhoun County High School threatening to detonate a bomb in the school. The Government sought to detain Defendant pending trial, however, that request was denied by Magistrate Judge Donald G. Wilkerson on May 9, 2014, and Defendant was released on $20,000.00 unsecured bond (Doc. 11; Doc. 16). Despite Magistrate Judge Wilkerson's release order, Defendant remained in the custody of the State of Illinois on a

state charge based on the same threat. Defendant pled guilty to the federal charge on September 2, 2014, and thereafter, the State of Illinois dismissed the state charge against Defendant. She was released from state custody on September 8, 2014.

In light of the changed circumstances—Defendant's guilty plea in federal court and her release from state custody—the Government moved this Court pursuant to 18 U.S.C. § 3145(a) to revoke the previously entered order releasing Defendant on bond (Doc. 42). The Government argues that Defendant's crime is a "crime of violence" and under 18 U.S.C. § 3143, the Court is required to detain her while she awaits sentencing (Doc. 42).

Section 3145(b) permits the Government to file a motion seeking review or revocation of a detention order when the defendant has been "ordered released by a magistrate judge." 18 U.S.C. § 3145(a). In his May 9th release order, Magistrate Judge Wilkerson found in pertinent part that Defendant's crime was a "crime of violence" (Doc. 16, pp. 2–3, 5). However, in reviewing a magistrate judge's release order, the district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). *See also United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003) ("The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."); *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). After reviewing the relevant legal authority, the undersigned finds that the question of whether Defendant's crime was a "crime of violence" is a close call, but ultimately it

does not meet the statutory definition.

A "crime of violence" is defined in relevant part as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another," or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 28 U.S.C. § 3156(a)(4)(A) and (B). The first clause covers *per se* crimes of violence where an element of the charged crime actually involves the use or threat of force. *See United States v. Montoya*, 486 F.Supp.2d 996, 1002, 1004 (D. Ariz. 2007). *United States v. Dillard*, 214 F.3d 88, 92 (2d Cir. 2000) ("Clause (A) covers offenses that fall within the conventional notion of a crime of violence—any offense of which an element actually involves the use or threat of force.") The second clause covers crimes that are not *per se* crimes of violence, but involve a crime of violence. *Montoya*, 486 F.Supp.2d at 1004; *Dillard*, 214 F.3d at 92 ("Clause (B) is clearly intended to cast a wider net . . . and speaks to offenses that give rise to a possibility, rather than a certainty, that force may be used.")

Defendant was charged under 18 U.S.C. § 1038(a)(1), which criminalizes conveying false information to perpetrate certain specified hoaxes. Making a false statement to perpetrate a hoax is not a *per se* crime of violence because the use, attempted use, or threatened use of physical force is not an element of the offense. *See* 18 U.S.C. § 1038(a)(1); *United States v. Montoya*, 486 F.Supp.2d 996, 1004 (D. Ariz. 2007). Therefore, the Court's decision turns on whether Defendant's charged crime *involved* a crime of

violence. Magistrate Judge Wilkerson found that the crime involved a crime of violence because Defendant threatened to detonate a bomb in a school. The undersigned would agree if Defendant's threat was real. However, Defendant was charged under § 1038 for making a *false* threat. Therefore, no matter what she threatened, there was absolutely no risk that physical force would be used against anyone or anything. *See Montoya*, 486 U.S. F.Supp.2d at 1005 (holding that violation of 18 U.S.C. § 1038 for placing a fake bomb in a mailbox did not involve a "crime of violence" because Defendant knew it could not result in injury to another); *contra United States v. Choudhry*, 941 F.Supp.2d 347, 351 (E.D. N.Y. 2013) (holding that violation of 18 U.S.C. § 875(c) for communicating a threat in interstate commerce was "crime of violence" because the communicated threat was a "true threat"). By virtue of charging Defendant under § 1038, the Government has implicitly admitted that there is no evidence that Defendant ever intended to harm another individual or their property. Therefore, the undersigned finds that Defendant's charged crime—conveying a false threat in violation of 18 U.S.C § 1038—is not a crime of violence.

Because Defendant was not found guilty of a crime of violence, the Court is authorized to continue her bond while she is awaiting sentencing so long as the Court finds by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(1). After reviewing all of the evidence presented in this case, including the conditions of release imposed by Magistrate Judge Wilkerson, the Court finds that there is clear and convincing evidence

that Defendant is not likely to flee or pose a danger to herself or the community.

Accordingly, it is **ORDERED** that Defendant is to remain released on the unsecured $20,000 bond, subject to the same conditions of release as set forth in the Order Setting Conditions of Release entered on May 9, 2014 (Doc. 19).

**IT IS SO ORDERED.**

DATED: September 9, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**